IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LATRENA WALKER, Individually and
on behalf of all others similarly situated                                    PLAINTIFF

v.                          Case No. 4:18-cv-04094

STEPHEN P. LAMB, Law Offices;
MIDLAND FUNDING, LLC; and
JOHN DOE 1-25                                                      DEFENDANTS

## ORDER

Before the Court is Separate Defendant Law Office of Stephen P. Lamb's ("Lamb") Motion to Dismiss. ECF No. 11. Plaintiff has filed a response. ECF No. 16. Lamb has filed a reply. ECF No. 19.

Also before the Court is Separate Defendant Midland Funding, LLC's ("Midland Funding") Motion to Dismiss. ECF No. 14. Plaintiff has filed a response. ECF No. 20. Midland Funding has filed a reply. ECF No. 23.

The Court finds these matters ripe for consideration.

## BACKGROUND

Plaintiff filed the instant action on June 12, 2018, on behalf of herself and a proposed class consisting of all others similarly situated. ECF No. 1. Plaintiff states that some time before June 19, 2017, she allegedly incurred a debt to Synchrony Bank Amazon ("Synchrony Bank").[1] ECF No. 1, ¶ 24. Plaintiff alleges that Synchrony Bank or Midland Funding thereafter contracted Lamb to collect the alleged debt. *Id*. at ¶ 28. Plaintiff claims that on or about June 19, 2017, Lamb sent

---

[1] Synchrony Bank is not a party to this case.

her an initial contact notice (the "letter").[2] *Id*. at ¶ 30. Plaintiff alleges that this letter "fails to contain all the requirements" found in the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692g, and that, specifically, it "deceptively fails to identify who the current creditor is to whom the alleged debt is owed" in violation of 15 U.S.C. § 1692g(a)(2). *Id*. at ¶ 34, 49, 51. Plaintiff appears to contend that, because the letter allegedly failed to identify the current creditor, it is deceptive and misleading in violation of 15 U.S.C. § 1692e(10). ECF No. 1, ¶ 44. Plaintiff notes that the letter says "RE: Midland Funding" but asserts that "nowhere does the Letter clearly identify who the current creditor is as is required by the FDCPA."[3] *Id*. at ¶ 35. Plaintiff alleges that Defendants have violated the FDCPA by failing to "provide the consumer with a proper, initial communication letter" in that the letter allegedly does not "clearly identify the current creditor of the debt." *Id*. at ¶ 38.

## DISCUSSION

The Court will first address Lamb's motion and then turn to Midland Funding's motion.

### I. Lamb's Motion to Dismiss

In the instant motion, Lamb asserts that Plaintiff's claims against it should be dismissed. Specifically, Lamb asserts that dismissal is warranted because: (1) Plaintiff lacks standing, (2) the complaint fails to state a claim against Lamb, and (3) Lamb is not subject to suit. The Court will address each issue in turn.

#### A. Standing

Lamb asserts that Plaintiff has failed to establish that she has standing. Specifically, Lamb asserts that Plaintiff has not alleged facts to show that she suffered an injury-in-fact.

---

[2] Plaintiff included the letter as an exhibit to her Complaint (*See* ECF No. 1-1) and references it throughout her Complaint.
[3] Notwithstanding this assertion, the letter also states that Lamb had "been retained by MIDLAND FUNDING LLC to collect the principal sum of $559.03" from Plaintiff and that any potential payments should be made "payable to MIDLAND FUNDING LLC." *See* ECF No. 1-1.

As an initial matter, the Court notes that although Lamb fails to explicitly state as much, the instant standing challenge appears to be brought pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) ("We have held . . . that if a plaintiff lacks standing, the district court has no subject matter jurisdiction. Therefore, a standing argument implicates Rule 12(b)(1)." (internal citations omitted)). A Rule 12(b)(1) motion may be brought as either a "factual attack" or a "facial attack." *Jackson v. Abendroth & Russell, P.C.*, 207 F. Supp. 3d 945, 950 (S.D. Iowa 2016) (citing *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007)); *see also Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("A Court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'").

A party makes a facial attack by challenging the sufficiency of the pleadings. In evaluating such a challenge, a "court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn*, 918 F.2d at 729 n.6 (internal citations omitted). In deciding a facial challenge, the Court looks only at the pleadings and essentially uses the Rule 12(b)(6) standard to determine whether the complaint states a facially plausible jurisdictional claim. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (stating the post-*Twombly* standard for Rule 12(b)(6)). When a complaint is facially challenged on jurisdiction, all of the factual allegations in the complaint are presumed to be true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In contrast, if the moving party mounts a factual attack, the Court will look beyond the pleadings and consider extrinsic evidence and the "non-moving party does not have the benefit of 12(b)(6) safeguards." *Osborn*, 918 F.2d at 729 n.6.

In the present case, Lamb does not state whether it intends to present a facial or factual jurisdictional attack. Nevertheless, upon review of the instant motion and supporting brief, it appears that Lamb makes a facial attack. *See, e.g.*, ECF No. 12, pp. 4, 5 ("Plaintiff's Complaint

fails to meet this burden of proof and requirement [to establish standing].") ("Plaintiff's Complaint wholly fails to fulfill [P]laintiff's burden of proof on Article III standing because the Complaint does not plead facts which clearly establish" a particularized and concrete injury.) ("Plaintiff has wholly failed to allege actual facts to satisfy Article III standing and Plaintiff's Complaint should be dismissed on this basis."). Accordingly, the Court will consider the instant motion under that standard.

Having determined that Lamb makes a facial attack, the Court now turns to the specific issue of standing. In order to demonstrate that she has standing, Plaintiff must show that she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1547 (2016). As this case is at the pleading stage, Plaintiff must clearly have alleged facts demonstrating the satisfaction of each element. *Id*.

Here, the parties main point of contention concerns the "injury-in-fact" element. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id*. (internal quotations omitted). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id*. (citing Black's Law Dictionary 479 (9th ed. 2009)) (emphasis in original). To be "concrete," an injury must be real and not abstract. *Id*. That being said, "concrete" does not necessarily mean "tangible" and intangible injuries can be concrete. *Id*. at 1549. "In determining whether an intangible harm constitutes injury in fact, both history and the judgement of Congress play important roles." *Id*. "History contributes to a finding of concreteness when the [alleged]

intangible injury is closely related to a traditional 'basis for a lawsuit in English or American courts.'" *Jackson*, 207 F. Supp. 3d at 952 (quoting *Spokeo*, 136 S. Ct. at 1549).

Further, Congress may identify and elevate concrete intangible injuries to the status of legally cognizable injuries "that were previously inadequate in law." *Spokeo*, 136 S. Ct. at 1549. However, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. As the Court stated in *Spokeo*, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. Accordingly, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. That being said, the *Spokeo* Court recognized that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact" and, in such a case, a plaintiff "need not allege any *additional* harm beyond the one Congress has identified." *Id*.

The Eighth Circuit has applied *Spokeo* and found that a plaintiff that had asserted "'a bare procedural violation [of the Cable Communications Policy Act], divorced from any concrete harm'" had failed to allege an injury-in-fact as required for Article III standing. *Braitburg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016) (quoting *Spokeo*, 136 S. Ct. at 1549). Specifically, the Eighth Circuit noted that the *Braitburg* plaintiff alleged only that the defendant "violated a duty to destroy personally identifiable information by retaining certain information longer than the company should have kept it" but had not alleged that the defendant had "disclosed the information to a third party, that any outside party [had] accessed the data, or that [defendant had] used the information in any way during the disputed period." *Id*. Likewise, the court noted that the plaintiff failed to identify any "material risk of harm from the retention." *Id*.

5

Lamb notes that Plaintiff claims that, due to Defendants' alleged failure to comply with the FDCPA, she suffered an "informational injury" and, as a result of that injury, has been damaged. *See* ECF No. 1, ¶¶ 39, 40, 45, 52. Lamb takes the position that "an alleged 'informational' inadequacy under the FDCPA" is not enough to establish Article III standing. ECF No. 12, p. 5. In response, Plaintiff asserts that Defendants' alleged failure to clearly provide her with the name of her current creditor—as required under 15 U.S.C. § 1692g—caused her to suffer various injuries. Specifically, Plaintiff claims: she was "deprived . . . of knowledge of who was attempting to collect her debt," she was put in a position where she was "unable to ascertain whether or not she even owed the debt," that the letter caused her confusion as to why Midland Funding[4] was trying to collect a debt from her, she was made to feel confusion and stress "as to this unknown debt," and was "forced to hire an attorney and incur costs and fees associated with determining the validity of this debt." ECF No. 16, pp. 5-6. Plaintiff asserts, in her response to Lamb's motion, that these claimed injuries constitute "emotional, financial and informational injury[.]" *Id*. at p. 6.

To begin, the Court notes that Plaintiff's Complaint fails to allege any of the injuries claimed in her response to the instant motion. It appears that Plaintiff merely asserts in her Complaint that she has suffered an "informational injury" and that she has been "damaged." ECF No. 1, ¶¶ 39, 40. Accordingly, Plaintiff essentially claims that she was injured due to an alleged procedural violation of the FDCPA—namely to provide her with the name of the creditor to whom the alleged debt is owed. Therefore, the Court must determine whether this is sufficient to satisfy the injury-in-fact requirement.

"To determine whether [Plaintiff's] alleged FDCPA violations are by themselves sufficiently concrete to confer Article III standing, the Court must examine the provisions at issue

---

[4] Plaintiff states that she had never heard of Defendant Midland Funding before receiving the letter. ECF No. 16, p. 5.

and consider both the history of related harms in American and English courts, as well as Congress's judgment." *Jackson*, 207 F. Supp. 3d at 959 (citing *Spokeo*, 136 S. Ct. at 1549). For the sake of clarity, the Court will first address the issue of "Congress's judgment."

15 U.S.C. § 1692(e) states that the purpose of the FDCPA is to:

eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

The FDCPA "seeks 'to protect consumers from a host of unfair, harassing, and deceptive collection practices.'" *Jackson*, 207 F. Supp. 3d at 959 (quoting S. Rep. No. 95-382, at 1). Further, Congress enacted the FDCPA to be primarily self-enforcing, with consumers who have suffered abusive collection practices enforcing compliance. *Id*. (citing S. Rep. No. 95-382, at 5); *see* 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum . . ."). In order to achieve its goal of eliminating abusive debt collection practices, the FDCPA "mandates various procedures meant to decrease the risk" of harms associated with abusive debt collection practices and "each of these procedures helps prevent abusive actions by debt collectors." *Jackson*, 207 F. Supp. 3d at 959. However, "this does not mean their violation automatically amounts to the injury identified by Congress in the [FDCPA]." *Id*. (citing *Spokeo*, 136 S. Ct. at 1550). Accordingly, upon review, it is clear that Congress "intended to elevate violations of the FDCPA 'to the status of legally cognizable injuries'" *Jackson*, 207 F. Supp. 3d at 959 (quoting *Lujan*, 504 U.S. at 578).

As for the issue of whether the alleged intangible injury is closely related to a traditional basis for a lawsuit in American or English courts, the Court first notes that the parties have not briefed or otherwise argued this specific issue. Nonetheless, the Court is aware that at least one district court within the Eighth Circuit has found that, generally, "the harms resulting from abusive

7

debt collection practices are closely related to harms that traditionally provided a basis for relief in American and English courts, such as fraud." *Jackson*, 207 F. Supp. 3d at 959. With that in mind, the Court now turns to the specific violations alleged and will address each in turn.

### i. Alleged Violation of 15 U.S.C. § 1692g(a)(2)

Plaintiff claims that Defendants violated a specific subsection of the "validation of debts" provision of the FDCPA, namely 15 U.S.C. § 1692g(a)(2), when the letter sent to Plaintiff allegedly failed to identify the name of the creditor to whom the claimed debt was owed. The relevant provisions of 15 U.S.C. § 1692g provide as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed[.]

15 U.S.C. § 1692g(a)(2). The legislative history of the FDCPA reflects that the "validation of debts" subsection was envisioned to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 95-382, at 4; *see Jackson*, 207 F. Supp. 3d at 959 (quoting S. Rep. No. 95-382, at 4). In order to meet this goal, "the provision vests consumers with the right to verify any debt they are alleged to owe, and contains various procedures for ensuring that right, including disclosure requirements for debt collectors." *Jackson*, 207 F. Supp. 3d at 959-60 (citing 15 U.S.C. § 1692g(a) & (b)).

In *Jackson v. Abendroth & Russell, P.C.*, the United States District Court for the Southern District of Iowa found that the "requirements in sections 1692g(a) and (b) are procedural rights designed to decrease the risk of the injury identified by Congress in the FDCPA—abusive debt collection practices in the form of 'dunning the wrong person or attempting to collect debts which the consumer has already paid'" and further found that "[a]lthough violating these procedural rights may result in the harm identified by Congress, it does not result in such an injury on its

8

own[.]" *Id*. at 960. Likewise, the *Jackson* court noted that "although the common law system traditionally provided redress for harms closely related to fraudulent or mistaken demands for payment the procedural harm of not receiving informational disclosures from a debt collector is not closely related to any traditional bases for relief." *Id*. (internal citation omitted). Accordingly, the *Jackson* court concluded, in relevant part, that a violation of 15 U.S.C. § 1692g(a) did not, by itself, "constitute an intangible harm that satisfie[d] the injury-in-fact requirement." *Id*. at 960.

Upon review, the Court finds the reasoning of *Jackson* persuasive in light of *Spokeo* and *Braitburg*. Therefore, the Court finds that a bare allegation of a violation of 15 U.S.C. § 1692g(a)(2) is not enough in-and-of-itself to amount to a concrete injury so as to satisfy the injury-in-fact requirement of the standing analysis. Accordingly, as Plaintiff has failed to allege any specific injury other than an "informational injury" and that she has been "damaged," the Court finds that she has failed to establish that she has suffered a "concrete" injury.[5] Thus, Plaintiff has failed to show that she has suffered an injury-in-fact and, moreover, that she has standing based on this claimed violation.[6] Therefore, this claim in-and-of-itself does not confer standing.

---

[5] In light of this conclusion, the Court need not address whether Plaintiff's injury is particularized.
[6] The Court is cognizant that this issue is not settled. As Plaintiff points out in her briefing, a recent unpublished opinion from the Eleventh Circuit—*Church v. Accretive Health, Inc.*, 654 Fed. App'x 990, 994-95 (11th Cir. July 6, 2016) (per curiam)—found that where a plaintiff alleged that a creditor had failed to comply with the disclosure provisions of the FDCPA, she had sufficiently alleged that she suffered a concrete injury. The *Church* court stated that:

> It is undisputed that the letter Accretive Health sent to Church did not contain all of the FDCPA's required disclosures. Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete—*i.e.*, "real"—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled.

*Church*, 654 Fed. App'x at 994-95. Moreover, the *Church* court stated that the alleged violations were not procedural but, instead, were substantive, as "Congress [had] provided Church with a substantive right to receive certain disclosures[.]" *Id*. at 995 n.2. The *Jackson* court was aware of *Church*, noting its holding in string citations, but evidently found it unpersuasive. Furthermore, at least one circuit has rejected *Church* and, further, called into question whether *Church* is still good law in the Eleventh Circuit in light of recent Eleventh Circuit precedent. *See Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018). Regardless, the Court finds *Church* unpersuasive.

### ii. Alleged Violation of 15 U.S.C. § 1692e(10)

The Court now turns to the issue of whether a bare allegation that Defendants violated 15 U.S.C. § 1692e(10) is sufficient to confer standing on Plaintiff. Section 1692e(10) provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Plaintiff asserts that Defendants' alleged "failure to clearly and accurately assert the identity of the current creditor [in the letter] is misleading and deceptive in violation of [section] 1692e." ECF No. 16, p. 2. Lamb does not offer argument specifically related to the alleged violation of section 1692e(10), but instead argues generally that Plaintiff has failed to allege a sufficient injury.

To begin, the Court turns to the judgment of Congress. In the FDCPA, Congress states that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" and that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). In light of these findings, Congress sought to eliminate such "abusive debt collection practices" through the FDCPA. Accordingly, it is clear that Congress has identified a real risk of harm that is inherent in deceptive and misleading debt collection practices—*i.e.* personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy—such as receipt of misleading and deceptive debt collection letters. Likewise, Congress has provided a means for an individual to seek redress for such abusive practices by identifying and elevating that intangible injury—receipt of such deceptive and misleading debt collection materials—to the level of a cognizable injury. Furthermore, as to the issue of whether the instant alleged intangible injury is closely related to a traditionally recognized basis for suit, as previously noted, at least one district court within the Eighth Circuit has stated that "the harms resulting from

10

abusive debt collection practices are closely related to harms that traditionally provided a basis for relief in American and English courts, such as fraud." *Jackson*, 207 F. Supp. 3d at 959 (citing, *inter alia*, Restatement (Second) of Torts § 525 (1977)).

Moreover, numerous courts have considered whether an alleged violation of 15 U.S.C. § 1692e is sufficient, without additional alleged harm, to satisfy the injury-in-fact requirement for standing. Upon review of those opinions, it appears that the consensus is that allegations that a defendant debt collector has violated section 1692e(10) is sufficient without an allegation of additional harm. *See, e.g.*, *Verdun v. Fid. Creditor Serv.*, 2017 WL 1047109, at *5 (S.D. Cal. March 30, 2017) (concluding that "an alleged violation of the FDCPA is a substantive violation that gives rise to a concrete injury" and that alleged violations of sections 1692e and 1692e(10) "infringes upon substantive—not procedural—rights and creates a real risk of harm to consumers."); *Hill v. Accounts Receivable Servs.*, LLC, 2016 WL 6462119, at *4 (D. Minn. Oct. 31, 2016) (finding, in relevant part, that section 1692e "establishes a right to truthful information regarding the collection of a debt" and that an alleged violation was a real harm not a mere procedural violation); *Quinn v. Specialized Loan Servicing, LLC*, 2016 WL 4264967, at * 3-5 (N.D. Ill. Aug. 11, 2016) (finding, *inter alia*, that an alleged violation of section 1692e(10) constitutes a concrete injury).

Upon review, the Court is satisfied that a violation of section 1692e(10) includes an inherent material risk of harm, namely that the recipient may be misled or deceived which may in turn contribute to, *inter alia*, the ill-results identified by Congress. Accordingly, although the Court is unaware of any binding authority on the issue, the Court believes that in light of the above discussion Defendants' alleged violation of section 1692e(10) concerns a substantive right and constitutes a sufficiently concrete harm for purposes of Article III standing.

Accordingly, the Court is satisfied that Plaintiff has standing to bring the present lawsuit.

## B. Failure to State a Claim Against Lamb

Lamb also asserts that Plaintiff has failed to state facts giving rise to a claim against Lamb under the FDCPA and, accordingly, seeks dismissal pursuant to Rule 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must accept as true all factual allegations set forth in the complaint by the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting

*Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

"In evaluating whether a debt collection letter is false, misleading or deceptive, the letter must be viewed through the eyes of the unsophisticated consumer." *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000) (citation omitted). "This standard is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Haney v. Portfolio Recovery Assocs., L.L.C.*, 895 F.3d 974, 981 (8th Cir. 2016) (citations and quotations omitted). Although the standard "protects the uninformed or naive consumer . . . [it] also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id*. "Language in a debt-collection letter cannot be viewed in isolation; the letter must be viewed 'as a whole' to determine whether it runs afoul of the FDCPA." *Hubbell v. Am. Accounts & Advisors, Inc.*, No. 13-1157, 2013 U.S. Dist. LEXIS 160315, at *6 (D. Minn. Oct. 7, 2013) (citing *Adams v. J.C. Christensen & Assocs., Inc.*, 777 F. Supp. 2d 1193, 1196 (D. Minn. 2011)).

Here, Lamb asserts that the Complaint does not allege "facts as to how and in what way [the letter] fails to identify the 'current creditor.'" ECF No. 12, p. 5. Likewise, Lamb states that a review of the letter clearly shows that it states that the "original creditor" is "Synchrony Bank Amazon" and that Lamb had "been retained by 'Midland Funding LLC to collect the principal sum of $559.03 from [Plaintiff].'" ECF No. 12, p. 5. Lamb further asserts that the letter

13

"specifically identifies the creditor and the entity making the claim for the debt." ECF No. 12, p. 6. Accordingly, Lamb contends that there has been no violation of the FDCPA.

In response, Plaintiff asserts that merely stating the current creditor's name, without clearly explaining the relationship between the original creditor and the current creditor, is insufficient under the FDCPA. Accordingly, Plaintiff contends that she has stated a claim so as to survive the instant motion.

Upon consideration, the Court concludes that Plaintiff has failed to state a plausible claim for relief. The Court first turns to the factual allegations of the Complaint. Upon review of the Complaint—and accepting as true all factual allegations and drawing all reasonable inferences in favor of Plaintiff—the Court finds that Plaintiff has failed to allege sufficient factual material to state a claim to relief that is plausible on its face. Despite the fact that Plaintiff clearly alleges that she incurred an obligation and that Lamb sent her a letter to collect on that obligation on behalf of a creditor, she does not adequately allege facts as to how the letter failed to adequately identify the current creditor. Instead, Plaintiff's allegations as to why the letter violated the FDCPA are largely conclusory and simply assert that the letter does not clearly state the identity of the current creditor. *See, e.g.*, ECF No. 1, ¶ 34 (stating that the letter "deceptively fails to identify who the current creditor is to whom the alleged debt is owed."); ECF No. 1, ¶ 35 ("The Letter says 'RE: Midland Funding' but nowhere does the Letter clearly identify who the current creditor is as is required by the FDCPA."); ECF No. 1, ¶ 36 ("It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer."). Plaintiff makes no attempt to explain how the letter's language fails to apprise the reader of the current creditor's identity. Likewise, Plaintiff makes no allegation in her Complaint that she was deceived or misled by the letter and does not allege facts as to how an unsophisticated consumer would be deceived or misled. Moreover, although Plaintiff

14

notes that the letter identifies Midland Funding in the subject line, she does not acknowledge the letter's other references to Midland Funding[7] or explain why these identifications are inadequate.

The Court now turns to the applicable unsophisticated-consumer standard and, looking at the letter through the eyes of an unsophisticated consumer, finds that the letter at issue is not false, misleading, or deceptive, and clearly conveys that Midland Funding, LLC is the current creditor. Although Lamb did not explicitly state in the letter[8] that Midland Funding, LLC was the current creditor, a reading of the letter "as a whole" clearly conveys that Midland Funding, LLC is the current creditor. The letter begins by including "MIDLAND FUNDING LLC" in the subject line along with "Original Creditor: SYNCHRONY BANK AMAZON[.]" *See* ECF No. 1-1. It is likely true that, absent further explanation or context, an unsophisticated consumer may not realize, from this subject line alone, that her current creditor is Midland Funding, LLC. However, the letter goes on to state that Lamb had "been retained by MIDLAND FUNDING LLC to collect the principal sum of $559.03" and that any payment would need to be made payable to "MIDLAND FUNDING LLC[.]" *See* ECF No. 1-1. These statements clearly convey, under the unsophisticated consumer standard, that Midland Funding—as the party who retained Lamb to collect the alleged debt and was entitled to recoup the disputed funds—was the owner of the debt and, thus, the current creditor.[9] Accordingly, the Court concludes that no reasonable jury could find that the letter failed to identify the current creditor under the unsophisticated consumer standard.

---

[7] *See supra* Footnote 3.
[8] As noted above, the letter is attached to Plaintiff's Complaint and referenced throughout the Complaint. *See* ECF No. 1-1.
[9] The Court also notes that, even if Plaintiff had sufficiently alleged an injury-in-fact to satisfy the standing requirements in regard to her claim under Section 1692g(a)(2), Plaintiff would not be entitled to relief pursuant to Section 1692g(a)(2) for the same above-discussed reasons. A review of the letter clearly shows that the letter provides the reader with "the name of the creditor to whom the debt is owed" as required by the statute, controverting any bare assertions otherwise.

Therefore, the Court finds that the Lamb's Motion to Dismiss should be granted insofar as it seeks dismissal for failure to state a claim.

### C. Whether Lamb is Subject to Suit

For its final argument, Lamb asserts that it is not subject to suit. However, in light of the preceding discussion and conclusion, the Court need not reach this issue.

## II. Midland Funding's Motion to Dismiss

In the instant motion, Midland Funding asserts that Plaintiff's claims fail for the reasons set forth in Lamb's Motion to Dismiss and adopts and incorporates by reference Lamb's arguments. Upon consideration, the Court finds the above discussions and conclusions equally applicable to Plaintiff's claims against Midland Funding. Accordingly, Midland Funding's Motion to Dismiss should be granted insofar as it seeks dismissal for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Court finds that the instant motions (ECF Nos. 11 and 14) should be and hereby are **GRANTED** insofar as they seek dismissal for failure to state a claim. Accordingly, this matter should be and hereby is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 11th day of February, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge